```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                              LEXINGTON
```

SEAN LABUY,                        )
                                   )
    Plaintiff,                 ) Civil Action No. 5:10-CV-158-JMH
                                   )
                                   )
v.                                 )
                                   ) **MEMORANDUM OPINION AND ORDER**
                                   )
DAVID L. PECK; and PRIME,          )
INC; and PRIME, INC. D/B/A         )
NEW PRIME INC.,                    )
                                   )
    Defendants.                )

                **       **       **       **       ** **

This action is before the Court based on Plaintiff's Motion Objecting to the Removal from Circuit Court [Record No. 3] and Defendants' Motion to Set Aside Default [Record No. 5]. Defendants have filed a Response to the Motion Objecting to the Removal [Record No. 4]. The deadline for filing further responses or replies now having past, this matter is ripe for decision.

**I.    PROCEDURAL HISTORY**

Plaintiff Sean Labuy filed a Complaint against David L. Peck in the Madison Circuit Court in Kentucky on July 13, 2009. [Record No. 1]. Plaintiff would make a Motion for Default Judgment on September 3, 2009. [Record No. 1-6]. Plaintiff filed documents with the court stating "that he has received no answer, pleadings or other documentation of any kind or character which may be construed as an answer or response to the complaint filed herein from the Defendant, David L. Peck, who was served by certified mail

to the Secretary of State on July 24, 2009." [Record No. 1-6, p. 7]. While LaBuy appears to have followed proper procedure according to Kentucky statute to serve Peck, the return sent back to the Madison Circuit Court filed on July 29, 2009 shows the summons and complaint were neither sent to the right address as listed on the complaint nor signed by Peck. [Record No. 1-7, p. 16].[1] Regardless, the Madison Circuit Court issued an Order of Default Judgment against Peck on November 24, 2009. [Record No. 3-2].

The Madison Circuit Court later granted Plaintiff's motion for leave to file a first amended complaint. On the same day it granted a default judgment against Peck, the Madison Circuit Court Clerk filed Plaintiff's First Amended Complaint adding Prime Inc. as a second defendant. [Record No. 1-3]. No further filings exist in the record with regard to the First Amended Complaint. On April 21, 2010, the Madison Circuit Clerk filed Plaintiff's Second Amended Complaint adding Prime Inc. d/b/a New Prime, Inc. ("New Prime, Inc.") to Defendant Peck and Defendant Prime, Inc, as a

---

[1] Kentucky statute allows a plaintiff to serve a defendant pursuant to Kentucky's long-arm statute through the Secretary of State by sending, via certified mail, "a copy of the summons and complaint to the defendant at the address given in the complaint." KRS § 454.210(3)(b). Plaintiff's complaint listed Peck's address as 35640 Timberline Drive. [Record No. 1-2, p. 1]. The return receipt shows the summons and complaint was delivered to 35640 Timberlane and the recipient was Roberta Hirsch. [Record No. 1-7, p. 16]. Peck has signed an affidavit stating he "had never received or seen a copy of any document" in this lawsuit until his attorney contacted him "on or about May 6, 2010." [Record no. 5-2].

2

third defendant in the action. [Record No. 1-4]. All three defendants filed an answer in the Madison Circuit Court to the Second Amended Complaint. [Record No. 1-5]. On May 10, 2010, Defendants filed a Notice of Removal stating that all three defendants agreed to the removal, the amount in controversy exceeds $75,000, and the Notice of Removal was filed within 30 days of Defendant New Prime, Inc. becoming aware of the civil action in state court. Plaintiff argues New Prime, Inc. does not have standing to remove the case to this Court and further argues Defendants have not met the amount in controversy requirement as no amount of damages has been plead in the case. Defendants argue removal to this Court is proper and that Defendant Peck should now be relieved of the default judgment issued by the Madison Circuit Court.

**II. REMOVAL FROM CIRCUIT COURT**

This Court must first determine if it has subject-matter jurisdiction in this case, pursuant to 28 U.S.C. § 1441, before considering Defendants' Motion to Set Aside Default [Record No. 5]. Under 28 U.S.C. § 1441, Defendants "may remove to the appropriate district court 'any civil action brought in a State court of which the district courts of the United States have original jurisdiction." *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156 (1997)(quoting 28 U.S.C. § 1441). Thus, this Court must have been able to assert jurisdiction over the matter had the

3

Plaintiff initially filed this case before this Court. *Id.*

Congress has provided the District Courts original jurisdiction over civil actions between citizens of different states "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). Defendants carry the burden of proof with regard to showing the amount in controversy is in excess of $75,000 for purposes of 28 U.S.C. § 1332. *Buck v. Gallagher*, 307 U.S. 95 (1939). The Defendants need not show the claim will reach the amount required for diversity jurisdiction to an "absolute certainty" but rather "[i]t is sufficient if there is a probability that the value of the matter in controversy exceeds the jurisdictional amount." *Worthams v. Atlanta Life Ins. Co.*, 533 F.2d 994, 997 (6th Cir. 1976)(citations omitted). Further, the Ninth Circuit has held, and Sixth Circuit District Courts have followed, that "[a] settlement letter is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart Inc.*, 281 F.3d 837, 840 (9th Cir. 2002); *accord Conder v. Best Value Inc.*, No. 3:08-cv-411-M, 2008 U.S. Dist LEXIS 82178, at *3 (W.D. Ky. 2008)(holding defendants offer of a demand letter estimating damages as evidence could show the amount in controversy); *Finnegan v. Wendy's Int'l, Inc.*, 2008 U.S. Dist. LEXIS 88868, at *10 (S.D. Ohio 2008) ("[P]laintiff's settlement demands were based on readily quantified damages reflecting a

reasonable estimate of his claim, and the court may consider these demands along with the allegations of the complaint in determining whether it is more likely than not that plaintiff's claims satisfy the jurisdictional amount."); *Osborne v. Pinsonneault*, No. 4:07-CV-2-M, 2007 U.S. Dist. LEXIS 17076, at *4 (W.D. Ky. 2007).

Upon reviewing the record, this Court finds the Complaint meets the original jurisdiction requirements of 28 U.S.C. § 1441 and 28 U.S.C. § 1332. While Plaintiff argues, that he has not plead for relief in excess of $75,000 as required by 28 U.S.C. § 1332 and does not "currently have enough information to confirm a range of value of this case," he requests in his original complaint appropriate judgment for:

    a.   Past and future medical expenses; and
    b.   Past and future physical and mental pain and suffering; and
    c.   Lost wages; and
    d.   Diminished capacity to labor and earn income.

[Record No. 1-2, pp. 1-2], [Record No. 3, paras. 8-11]. Further, Plaintiff's counsel "expressly claimed the amount in controversy for Plaintiff's claims was $125,000" in a settlement letter authorizing settlement of "his claim for $125,000, exclusive of PIP and or [sic] workers compensation benefits." [Record No. 4, p. 3]; [Record 4-1, p. 2].

This Court determines the amount stated in this settlement letter to "reflect a reasonable estimate of the plaintiff's claim" and holds it as relevant evidence of the amount in controversy.

5

*Petsmart, Inc.*, 281 F.3d at 840. Though the letter stated that Plaintiff "incurred medical expenses in the amount of $19,785.87, for treatment of his injuries," this only serves as part of the damages requested by Plaintiff in his complaint. [Record No. 4-1, p.2]; [Record No. 1-2, pp. 1-2]. Plaintiff also requests damages for "future medical expenses . . . future physical and mental pain and suffering . . . lost wages . . . [and] diminished capacity to labor and earn income." [Record No. 1-2, p. 1-2]. While Plaintiff may have spent less than $20,000 to treat his injuries, this number does not take into account the future losses due to "severe and permanent physical injuries" that Plaintiff avers in his complaint were the "direct and proximate result of the Defendant's negligence." [Record No. 1-2, para. 4]. As a result, the initial settlement offer of $125,000 discussed in Plaintiff's letter to Defendants "reflects a reasonable estimate of the plaintiff's claim" and is relevant to the matter currently before this Court. *Petsmart, Inc.*, 281 F.3d at 840. Considering the amounts discussed in the settlement letter in conjunction with Plaintiff's averments and requests for damages listed in his complaint, this Court finds that Defendants have shown a probability that Plaintiff's demands meet the amount in controversy requirement of 28 U.S.C. § 1332. *Worthams v. Atlanta Life Ins. Co.*, 533 F.2d 994, 997 (6th Cir. 1976)(citations omitted). Furthermore, the action is between citizens of different states and this Court finds it would have

held original jurisdiction over this matter as required for proper removal jurisdiction. 28 U.S.C. § 1332(a)(1); 28 U.S.C. § 1441(a).

Furthermore, Defendant New Prime, Inc. has standing to remove this case to this Court. Plaintiff argues in his very brief motion objecting to removal that he "does not believe that the Defendant currently has standing to Remove the Madison Circuit Case No. 09-CI-1078 to District Court." [Record No. 3, para. 8]. Plaintiff offers nothing further, however, in support of this argument in his motion. Plaintiff also does not offer any legal analysis in reply to Defendant's response to Plaintiff's motion. This Court, therefore, recognizes the standing of New Prime, Inc. to remove the case as a named defendant in Plaintiff's Second Amended Complaint filed on April 21, 2010. [Record No. 1-4].

The Court presumes, based upon its reading of Plaintiff's two-page motion, that Plaintiff may have meant to raise the issue of New Prime, Inc.'s use of removal procedures in a case where the state court has already entered default judgment against one of the defendants. As this deals with the Court's jurisdiction in this matter, the Court must address these issues. Proper removal requires a defendant to petition for removal of a civil action "within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b). The Sixth Circuit has held

that this statutory time limit renews each time a defendant becomes served and thus, "later-served defendants are entitled to 30 days to remove the case to district court." *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 533 n.3 (6th Cir. 1999)(citations omitted). Furthermore, as a later-served defendant cannot remove a case to this Court without unanimous agreement to remove from all the defendants in the case, "a first-served defendant can consent to a later-served defendant's removal petition, despite having already failed in its own efforts to remove." *Id.*

Plaintiff filed its Second Amended Complaint adding New Prime, Inc. as a defendant on April 21, 2010. [Record No. 1-4]. Thus, New Prime Inc. had thirty days to file a notice of removal. New Prime, Inc. filed a notice of removal with this Court on May 10, 2010. [Record No. 1]. All three defendants from the Second Amended Complaint unanimously agreed to the removal and all three filed an answer to the Second Amended Complaint. This Court, therefore, holds that New Prime, Inc. has followed the proper procedure for removal and this Court now has jurisdiction over this case.

### III. MOTION TO SET ASIDE DEFAULT

This Court shall now consider Defendants' motion to set aside the default judgment entered by the Madison Circuit Court. As previously stated, Plaintiff's time to respond to Defendants Motion to Set Aside Default has long expired. [Record No. 5].

Furthermore, Plaintiff has not filed a response on the matter nor has Plaintiff made a motion for extension of time. While all three Defendants have jointly made this motion, the Court notes that the Madison Circuit Court has only entered a default judgment against Defendant Peck and neither Prime, Inc. or New Prime, Inc. currently face default judgment.

Upon proper removal, this Court will take the case "as though everything done in the state court had in fact been done in the federal court." *Munsey v. Testworth Labs., Inc.*, 227 F.2d 902, 902 (6th Cir. 1955)(citation omitted). Furthermore, the Court will disregard any limitations placed on it by the procedural rules of the state, applying the Federal Rules of Civil Procedure. *Id.* (citation omitted)(noting that "the federal court was not limited to thirty days [as required by Tennessee law] within which to set aside the judgment that limitation being merely a rule of practice governing Tennessee courts.").

Defendants argue this Court should apply the Federal Rules of Civil Procedure Rule 55(c) ("Rule 55(c)") " good cause" standard used to set aside an entry of default. Fed. R. Civ. P. 55(c). This standard, however, does not apply as the Madison Circuit Court entered an order of default judgment against Peck not an entry of default. Rather, Rule 55(c) requires this Court to apply the far stricter standards laid out in Federal Rule of Civil Procedure Rule 60(b) ("Rule 60(b)"). *Id.*; Fed. R. Civ. P. 60(b).

Thus, this Court may, upon motion, relieve a party from a final judgment based on such issues as newly discovered evidence, mistakes, fraud and even a void judgment. Fed. R. Civ. P. 60(b). The Sixth Circuit has held "a judgment is void under [Rule] 60(b)(4) if the court that rendered it . . . acted in a manner inconsistent with due process of law." *General Star Nat'l Ins. Co. v. Adminstratia Asigurarilor De Stat*, 289 F.3d 434, 440 (6th Cir. 2002). Kentucky statute states:

> Any nonresident operator or owner of any motor vehicle who accepts the privilege extended by the laws of this state to nonresidents to operate motor vehicles or have them operated within state shall, by such acceptance and by operation of such motor vehicle within this state, make the Secretary of State the agent of himself or his personal representative for the service of process in any civil action instituted in the courts of this state against the operator or owner, or the personal representative of the operator or owner, arising out of or by reason of any accident or collision or damage occurring within this state in which the motor vehicle is involved.

KRS § 188.020. Furthermore, Kentucky's long-arm statute outlines the procedure by which the Secretary of State mails, via certified mail, "a copy of the summons and complaint to the defendant at the address given in the complaint." KRS § 454.210(3)(b). Kentucky law requires, however, the service "must be accomplished in compliance with the pertinent statutes" to satisfy due process requirements. *Foremost Ins. Co. v. Whitaker*, 892 S.W.2d 607, 610 (Ky. Ct. App. 1995). Kentucky law has held a motion to set aside a default judgment resulting from improper service creates a void

judgment. *Id.*

In this case, the service did not comply with the Kentucky long-arm statute and Peck's due process rights were not satisfied. Defendants point out while Plaintiff "asserted that David L. Peck had been served 'by certified mail to the secretary of state[,]' . . . the return of service in the state court file indicates that the only person served was 'Roberta Hirsch' on 'Timberlane.'"[2] *Id.*; [Record No. 1-6, p. 16]. Furthermore, Peck stated in an affidavit that he has never seen a copy of this lawsuit nor has Peck "been personally served with process." [Record No. 5-2, para. 3,4]. Plaintiff has offered no evidence of proper service nor has Plaintiff provided any response to Defendants' arguments in their motion to set aside the default judgment of the Madison Circuit Court.

Defendants, however, have filed their motion to set aside default under Rule 55(c), not Rule 60(b). [Record No. 5-1](citing Fed. R. Civ. P. 55(c); *United Coin Meter Co. v. Seaboard Coastal R.R.*, 705 F.2d 839, 845 (6th Cir. 1983)(setting forth the three factors a District Court considers in setting aside an entry of default)). Though a court may correct clerical mistakes *sua sponte* under Rule 60(a), it may only grant a relief from judgment "upon a motion on notice, by either the court itself or a party." *Cormack*

---

[2] As previously stated, Plaintiff's original complaint listed Defendant Peck's address as 35640 Timberline Drive. [Record 1-2].

11

*v. Sunshine Food Stores, Inc.*, 675 F. Supp. 374, 377 n.4 (E.D. Mich. 1987); see also *Chavez v. Balesh*, 704 F.2d 774, 777 (5th Cir. 1983)("If the court acted simply upon its own initiative, then we would not uphold its action under Rule 60(b), because unlike Rule 60(a), 60(b) allows the court to act only "upon motion."). Therefore, this Court, upon its own motion pursuant to Rule 60(b)(4), now moves to set aside the Madison Circuit Court's Order of Default Judgment against Defendant Peck as a void judgment resulting from insufficient process. Plaintiff shall have fourteen days from the entry of this order to respond and show cause why this default judgment should not be set aside.

**IV. CONCLUSION**

As set forth above, Defendant New Prime, Inc., has properly removed their case to this Court. Furthermore, this Court has jurisdiction over this matter as defendants have shown the parties to be from different states and shown a probability that the amount in controversy meets the threshold amount as required under 28 U.S.C. § 1332. Finally, Defendant's motion under Rule 55 shall be denied, but this Court shall, on its own motion, require Plaintiff to show cause why the default judgment against Defendant Peck shall not be set aside pursuant to Rule 60(b)(4) for the reasons set forth above.

Accordingly, **IT IS ORDERED:**

(1) Plaintiff's Motion Objecting to Removal from Circuit Court [Record No. 3] is **DENIED**; and

(2) Defendants' Motion to Set Aside Default [Record No. 5] is **DENIED**; and

(3) Upon the Court's own Motion, Plaintiff shall **SHOW CAUSE** within **FOURTEEN (14) DAYS** of entry of this order why the default judgment against Defendant Peck shall not be set aside, pursuant to Rule 60(b)(4), for the reasons set forth in this Memorandum Opinion and Order.

This the 25th day of October, 2010.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge