```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                              LEXINGTON
```

SEAN LABUY,                        )
                                   )
     Plaintiff,                    ) Civil Action No. 5:10-CV-158-JMH
                                   )
                                   )
v.                                 )
                                   ) **MEMORANDUM OPINION AND ORDER**
                                   )
DAVID L. PECK; and PRIME,          )
INC; and PRIME, INC. D/B/A         )
NEW PRIME INC.,                    )
                                   )
     Defendants.                   )

                    **   **   **   **   **

This matter is before the Court upon Defendants' Motion to Remand Case from District Court to Madison Circuit Court [Record No. 20] to which Plaintiff has filed a Response [Record No. 23]. The deadline for filing a reply having past, this motion is ripe for decision.

In an order dated October 25, 2010, this Court held that Defendants had successfully shown a probability that Plaintiff's demands met the amount in controversy requirement set forth in 28 U.S.C. § 1332. [Record No. 7] (holding that a settlement letter, in conjunction with Plaintiff's listed claims in his complaint, established an amount in controversy greater than $75,000); *see also Worthams v. Atlanta Life Ins. Co.*, 533 F.2d 994, 997 (6th Cir. 1976) (citation omitted) ("Absolute certainty is not required. It is sufficient that there is a probability that the value of the matter in controversy exceeds the jurisdictional amount."). Nearly

five months later, Plaintiff filed a motion to remand [Record No. 20] acknowledging that he could not prove lost wages and, thus, could not recover damages in excess of $75,000. Plaintiff stipulated that he would not "seek lost wages in any negotiations and/or at trial." *Id*. at para. 3. Plaintiff argues that, as a result, this Court lacks subject-matter jurisdiction because the amount in controversy has fallen below the amount set forth in 28 U.S.C. § 1332.

Courts are obliged to consider whether they have proper jurisdiction to decide the matter before them. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1988) (citing *Capron v. Van Noorden*, 6 U.S. (2 Cranch) 126, 126-27 (1804)). This obligation applies regardless of whether the case originated in the federal court or began in state court and was removed, and the obligation to consider whether subject-matter jurisdiction exists remains ongoing throughout the pendency of a case before the Court. *See id.*; 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 230 (2007) ("Nothing in the text of § 1447(c) supports the proposition that a remand for lack of subject-matter jurisdiction is not covered so long as the case was properly removed in the first instance."). Where an action is removed to this Court on the basis of original

jurisdiction under 28 U.S.C. § 1332, the amount in controversy is evaluated as of the time of removal. *Northup Props., Inc. v. Chesapeake Appalachia, L.L.C.*, 567 F.3d 767, 769-70 (6th Cir. 2009) (citing *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001). Thus, "events occurring after removal that reduce the amount in controversy do not oust jurisdiction." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000) (citation omitted).[1]

---

[1] Multiple district courts throughout the Sixth Circuit have openly questioned whether this holding of *Rogers v. Wal-Mart Stores, Inc.*, 240 F.3d 868, 872 (6th Cir. 2000), was abrogated by the Supreme Court's decision in *Powerex Corp. v. Reliant Energy Servs.*, 551 U.S. 224, 232 (2007). *See Baldori v. Delta Air Lines, Inc.*, No. 1:11-CV-102, 2011 U.S. Dist LEXIS 33546, at *5-7 (W.D. Mich. Mar. 29, 2011) (listing multiple decisions recognizing that *Rogers* has been abrogated by *Powerex* including *Stratton v. Konecranes, Inc.,* No. 5:10-CV-66-KSF, 2010 U.S. Dist. LEXIS 52910, at *7 (E.D. Ky. May 28, 2010), as well as several cases in which district courts distinguished *Rogers* on its facts). *But see*, *e.g.*, *Great Tenn. Pizza Co. v. BellSouth Telecomm., Inc.*, No. 3:10-CV-151, 2011 U.S. Dist. LEXIS 46968, at *16-18 (E.D. Tenn Apr. 29, 2011) (relying on the holding in *Rogers* that post-removal assertions regarding the amount in controversy does not divest the court of diversity jurisdiction); *JSC Terminal, LLC v. Farris*, No. 5:10-CV-40-R, 2010 U.S. Dist. LEXIS 45766, at * 4 (W.D. Ky. May 10, 2010) (relying on the holding in *Rogers* that post-removal assertions regarding the amount in controversy does not divest the court of diversity jurisdiction); *Smith v. Appalachian Reg'l Healthcare, Inc.*, No. 07-166-ART, 2009 U.S. Dist LEXIS 11313, at *7 (E.D. Ky. Feb. 12, 2009) (relying on the holding in *Rogers* that post-removal assertions regarding the amount in controversy does not divest the court of diversity jurisdiction). *Powerex*, however, did not address jurisdiction under 28 U.S.C. § 1332, and, thus, did not address the requirement that this court must evaluate the amount in controversy as the complaint stood at the time of removal. *See Northup Props., Inc. v. Chesapeake Appalachia, L.L.C.*, 567 F.3d 767, 769-70 (6th Cir. 2009). Further, it remains the case that "subsequent events that reduce the amount below the statutory requirement do not" divest this Court of subject-matter

In considering Plaintiff's second amended complaint, the Court has already determined that there was an adequate amount in controversy at the time of removal to establish jurisdiction under 28 U.S.C. § 1332 despite Plaintiff's failure to request a set amount in damages. Specifically, the Court concluded that a letter from Plaintiff's counsel to Defendants authorizing a settlement of the matter for $125,0000 reflected "a reasonable estimate of the plaintiff's claim" at the time of removal. [Record no. 7, p. 5-6] (relying on *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)). Further, Plaintiff's stipulation does not suggest that the amount in controversy did not reach the jurisdictional limit as of the time of removal but, rather, reflects a post-removal reevaluation of the action in which Plaintiff has determined that he values his case at no more than $72,500 because he "will be unable to present sufficient proof of . . . lost wage[s] . . . and has therefore instructed Plaintiff's counsel to drop his claim for lost wages." [Record No. 20, para. 2].

Certainly, where a complaint does not state the amount of

---

jurisdiction under 28 U.S.C. § 1332. *Jones v. Knox Exploration Corp.*, 2 F.3d 181, 182-83 (6th Cir. 1993) (considering a case brought originally under 28 U.S.C. § 1332). Thus, a post-removal stipulation lowering the amount-in-controversy will not divest this Court of jurisdiction requiring remand under 28 U.S.C. § 1447(c). *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see also Powerex Corp. v. Reliant Energy Servs.*, 551 U.S. 224, 232 n.1 (2007) (recognizing the "general rule that postremoval events do not deprive federal courts of subject-matter jurisdiction").

4

damages, a post-removal stipulation can be understood as a clarification of the amount in controversy at the time of removal. *See Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 778 (W.D. Ky. 2002) ("[W]here a plaintiff provides specific information about the amount in controversy for the first time, it should be deemed a *clarification* rather than a change.")(emphasis in original); *Fenger v. Idexx Labs., Inc.*, 194 F. Supp. 2d 601, 604-05 (E.D. Ky. 2002) (remanding the case to state court where Plaintiff submitted an affidavit stipulating a limitation of damages to less than the threshold amount and the complaint did not specify an amount of damages). While Plaintiff's second amended complaint seeks no specific amount of damages, the present matter is distinguishable from *Egan* and *Fenger* because there was sufficient evidence from which the Court could and did ascertain an amount in controversy was greater than $75,000 at the time of removal. *See generally* [Record No. 7]. More importantly, the stipulation in Plaintiff's motion to remand does not suggest that the amount in controversy failed to meet the threshold required for subject-matter jurisdiction under 28 U.S.C. § 1332 at the time of removal. *See Jones v. Knox Exploration Corp.*, 2 F.3d 181, 183 (6th Cir. 1993) (distinguishing subsequent events that change the amount in controversy which do not divest the court of jurisdiction under 28 U.S.C. § 1332 from "subsequent revelations that, in fact, the required amount was or was not in controversy at the commencement

5

of the action" which would divest the court of jurisdiction). Rather, Plaintiff's decision to "drop his claim for lost wages" reflects a post-removal recognition by the Plaintiff that his claim for lost wages cannot succeed.  This stipulation does not divest this Court of jurisdiction under 28 U.S.C. § 1332, and, thus, does not require remand to the state court pursuant to 28 U.S.C. § 1447(c).  Accordingly, this Court shall deny Plaintiffs' motion for remand.

Accordingly, **IT IS ORDERED** that Plaintiff's Motion to Remand Case from District Court to Madison Circuit Court [Record No. 20] is **DENIED**.

This the 31st day of May, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge